UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 21-cv-22801-BLOOM/Otazo-Reyes**

ANTONIO MUNOZ,

      Plaintiff,

v.

REX WILLIAMS and DOUG
BRADLEY TRUCKING, INC.,

      Defendants.

_____/

## <u>OMNIBUS ORDER ON MOTIONS *IN LIMINE*</u>

**THIS CAUSE** is before the Court upon Plaintiff Antonio Munoz's ("Plaintiff") Omnibus

Motion *in Limine*, ECF No. [72] ("Plaintiff's Motion"), and Defendant Bradley Trucking, Inc.'s

("Defendant") Omnibus Motion *in Limine*, ECF No. [74] ("Defendant's Motion"). With respect to

Plaintiff's Motion, Defendant filed a Response, ECF No. [93][1], to which Plaintiff filed a Reply,

ECF No. [87]. With respect to Defendant's Motion, Plaintiff filed a Response, ECF No. [75], to

which Defendant filed a Reply, ECF No. [91]. The Motions are ripe for the Court's consideration.

For the reasons that follow, Plaintiff's Motion is granted in part and denied in part consistent with

this Order, and Defendant's Motion is granted in part and denied in part consistent with this Order.

## I.    BACKGROUND

On August 2, 2021, Defendant removed this case from the Circuit Court for the 11th Judicial

Circuit of Florida in and for Miami-Dade County to this Court. s*ee* ECF No. [1]. In his Complaint,

---

[1] Originally filed at ECF No. [83] but stricken and refiled in order to comply with Local Rule 5.1(b).

ECF No. [1-1] ("Complaint"), Plaintiff asserts the following claims for relief [2] against Defendant: Count II – vicarious liability; and Count III – dangerous instrumentality. *See id.* at 3-5. According to the Complaint, on or about May 13, 2020, Plaintiff was parked in a Ford F150 truck at or near the Mobil gas station located at 16650 NW 27th Avenue in Miami Gardens, Florida. *Id.* at ¶¶ 8-9. At that location and on that date, Rex Williams ("Williams"), an employee, agent, or servant of Defendant, was acting within the course and scope of his employment or agency with Defendant when he operated a vehicle in a careless and negligent manner so as to cause a collision with the vehicle occupied by Munoz. *Id.* at ¶¶ 6-9, 16. As a result, Plaintiff sustained serious bodily injuries. *See id.* at ¶¶ 19, 26.

In Plaintiff's Motion, Plaintiff requests that the Court exclude evidence relating to (1) the number of defense causation witnesses; (2) expert testimony or commentary from Dr. Rolando Garcia; (3) expert testimony limited to content of Reports; (4) testimony by Dr. De La Parra-Pellot and commentary by defense counsel; (5) reference or comment concerning prior "drug abuse" by Plaintiff; (6) reference to payment of medical expenses by collateral sources; and (7) personal opinions about Plaintiff's credibility, merits of the case, or credibility of witnesses. ECF No. [72].

In Defendant's Motion, Defendant requests that the Court exclude evidence relating to (1) the absence of Williams at trial; (2) statement of Williams and Plaintiff's observation of Williams; (3) testimony of Ankeet Amrish Choxi; and (4) opinions of Plaintiff's experts about the cost of treatment or need and cost for future treatment not expressed in their records. ECF No. [74]. The Court considers each Motion in turn.

---

[2] Defendant Rex Williams and the related claim for negligence (Count 1) was previously dismissed. *See* ECF No. [25].

## II.      LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *In re Seroquel Prods. Liab. Litig.*, Nos. 6:06-md-1769-Orl-22DAB, 6:07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009). Likewise, "[i]n light of the preliminary or preemptive nature of motions in limine, 'any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Holder v. Anderson*, No. 3:16-CV-1307-J-39JBT, 2018 WL 4956757, at *1 (M.D. Fla. May 30, 2018) (quoting *Miller ex rel. Miller v. Ford Motor Co.*, No. 2:01CV545FTM-29DNF, 2004 WL 4054843, at *1 (M.D. Fla. July 22, 2004)); *In re Seroquel Prod. Liab. Litig.*, 2009 WL 260989, at *1 ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*." (citing *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989))).

Evidence is admissible if relevant, and evidence is relevant if it has any tendency to prove or disprove a fact of consequence. Fed. R. Evid. 401, 402; Advisory Comm. Notes, Fed. R. Evid. 401 ("The standard of probability under the rule is 'more probable than it would be without the evidence.'"); *United States v. Patrick*, 513 F. App'x 882, 886 (11th Cir. 2013). A district court may exclude relevant evidence under Rule 403 if "its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting

of time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "Rule 403 is an extraordinary remedy which the district court should invoke sparingly, and the balance should be struck in favor of admissibility." *Patrick*, 513 F. App'x at 886 (citing *United States v. Lopez*, 649 F.3d 1222, 1247 (11th Cir. 2011); *United States v. Alfaro-Moncada*, 607 F.3d 720, 734 (11th Cir. 2010)). Rule 403's "major function . . . is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001).

## III. DISCUSSION

### A. Plaintiff's Motion

#### i. Defense Causation Witnesses

Plaintiff argues that the Court should limit the number of Defendant's causation experts permitted to testify because duplicative testimony will unfairly prejudice Plaintiff and is needlessly cumulative. ECF No. [72] at 2-3. In support, Plaintiff points out that "Exclusion under Rule 403 is appropriate if the expert testimony is cumulative or needlessly time consuming*." United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004). Defendant responds, relying on *Nat'l Union Fire Ins. Co. of Pittsburgh PA v. SPX Flow US, LLC*, 18-CV-80332, 2019 WL 1227987 at *6 (S.D. Fla. Mar. 14, 2019), where the Court declined to grant the plaintiff's motion to exclude one or more of that defendant's experts after noting that it appeared experts would testify from different professional backgrounds and had different educational backgrounds. The court directed the defendant to coordinate the testimony of its experts to avoid needless duplication and cumulative testimony. *Id*.

Here, Defendant intends to proffer the following causation experts: (1) Dr. David DeLonga, who conducted a biomechanical analysis of how the automobile accident and corresponding force

would likely result in injury; (2) Dr. Peter Livingston, who opined that there were no signs of traumatic injury after reviewing Plaintiff's MRIs and X-rays, and (3) Dr. Rolando Garcia, an orthopedic surgeon who opined that Plaintiff did not sustain a permanent injury as a result of the accident and so the surgery and injections he underwent were not medically necessary or related to the automobile accident. ECF No. [93] at 1-3. Defendant therefore argues that each expert will testify from a different professional perspective, so their opinions are not cumulative. *Id* at 3. Plaintiff responds that just because each expert's opinion originates from a different perspective it does not change that the opinions being proffered regarding lack-of-causation are cumulative. ECF No. [87] at 1.

The Court agrees with Defendant, at least facially it appears that each expert will present different testimony regarding causation as it relates to their area of expertise. However, the Court cautions Defendant that the needless presentation of cumulative evidence must be avoided. That would include each expert opining on findings from the X-rays or MRI films or recounting the same portions of medical records. With that cautionary instruction, the Court denies Plaintiff's first motion *in limine* seeking to limit the number of Defendant's causation experts.

### ii.    Expert Testimony and Commentary from Rolando Garcia

Plaintiff argues that the Court should limit the evidence, testimony, and commentary by Defendant's expert, Dr. Rolando Garcia. Specifically, Plaintiff requests that Dr. Garcia be precluded from: referencing Plaintiff's past bi-polar disorder diagnosis, alcohol abuse disorder, and abuse of cannabis, or providing his opinion as to reasonableness and cost of treatment. ECF No. [72] at 3-5. With regard to Plaintiff's past diagnoses and drug use, Plaintiff argues that the topics are not relevant, and even if they were, any probative value is outweighed by its prejudicial effect. *Id*. at 4. Plaintiff contends that an opinion on the reasonableness and cost of treatment is

improper because reasonableness and necessity must be viewed from the perspective of the injured party, not of a medical expert. *Id*. at 5. Defendant counters that Plaintiff's drug and alcohol abuse are relevant because his treating physician testified that they could affect Plaintiff's recovery and chronic alcoholism can cause osteonecrosis of the hip. ECF No [93] at 4. Defendant also contends that on the basis of Dr. Garcia's report, Dr. Garcia should be able to testify at trial that Plaintiff should not recover costs of past or future medical treatment because the medical treatment was unreasonable and unnecessary. *Id* at 5.

### a.      Past bi-polar diagnosis

First, with respect to Plaintiff's past bi-polar disorder diagnosis, Defendant did not present any argument that the past diagnosis is relevant. Accordingly, the Court grants Plaintiff's second motion *in limine* and precludes evidence, testimony, and commentary by Dr. Garcia about Plaintiff's past bi-polar disorder diagnoses.

### b.      Past alcohol and drug use

Next, regarding Plaintiff's past alcohol and drug use, the Court agrees with Defendant that testimony concerning the possible impact of cocaine and alcohol use on Plaintiff's ability to recover from the surgery and the link between chronic alcoholism and osteonecrosis of the hip is relevant to Plaintiff's claims. *See* ECF No. [93] at 4. The Court also agrees with Defendant that Plaintiff's history of drug and alcohol addiction is relevant to Plaintiff's claims for loss of earnings, loss of earning capacity, and mental distress. *See Lizarazo v. Greaves*, 1:16-CV-20558-UU, 2018 WL 8224944, at *2 (S.D. Fla. June 21, 2018) ("the Eleventh Circuit affirmed the admission of evidence of the plaintiff's history of drug and alcohol abuse and treatment as relevant to his claim for 'mental anguish, rehabilitation care, and loss of earnings,' as well as to 'rebut testimony offered

by [the plaintiff] pertaining to his lifestyle and quality of life before the accident.'" (citing *Haney v. Mizell Mem'l Hosp.*, 744 F.2d 1467, 1475 (11th Cir. 1984) (alteration in original)).

Plaintiff cites *Douglas v. Zachry Indus., Inc.*, 613CV1943ORL40GJK, 2015 WL 12838969 at *3 (M.D. Fla. Sept. 1, 2015) to support his contention that even if the Court finds evidence of Plaintiff's past drug and alcohol abuse relevant, its probative value is outweighed by its prejudicial effect. In that case, the plaintiff sought to exclude evidence and argument about plaintiff's addiction and improper use of pain medication which the defendants sought to introduce as evidence of plaintiff's failure to mitigate damages and to demonstrate that plaintiff did not comply with the instructions of his treating doctors. *Id.* The court found the evidence to be improper character evidence under Rule 404 and the relevance was outweighed by the risk of unfair prejudice under Rule 403. *Id.*

Here, Defendant articulates relevant reasons for admitting the challenged evidence other than to illustrate bad character on the part of Plaintiff. Additionally, there is arguably greater relevance of Plaintiff's drug and alcohol use than in *Douglas* because Defendant intends to demonstrate another potential cause or contributing factor of Plaintiff's hip injury and to combat claims for loss of earnings, loss of earning capacity, and mental distress. The Court therefore determines that the probative value outweighs any prejudicial effect. The Court therefore denies Plaintiff's request to preclude testimony by Dr. Garcia about Plaintiff's past drug and alcohol use.

c.     **Reasonableness and cost of treatment**

Finally, with regard to Dr. Garcia's opinions as to reasonableness and cost of treatment, Plaintiff cites multiple Florida state court cases to support its proposition that "[i]t is improper to allow an expert to testify concerning lack of judgment by a treating physician." ECF No. [72] at 4-5 (citing *Dungan v. Ford*, 632 So. 2d 159, 161 (Fla. 1st DCA 1994); *Garrett v. Morris Kirschman*

*& Co.*, 336 So.2d 566, 571 (Fla. 1976)). Defendant responds by citing two cases from this district in which the court denied motions *in limine* where a party sought to preclude testimony on an expert's opinion as to the reasonableness of treatment and the associated costs. ECF No. [93] at 5 (citing *Hernandez v. Walmart Stores, Inc.*, 21-CV-20861, 2022 WL 1642815, at *10-*11 (S.D. Fla. Apr. 20, 2022), *report and recommendation adopted,* 21-CIV-20861, 2022 WL 2904563 (S.D. Fla. July 21, 2022); *Amy as next friend of W.A. v. Carnival Corp.*, 18-20324-CV, 2021 WL 6135126, at *3 (S.D. Fla. Dec. 3, 2021)). Plaintiff replies that Dr. Garcia's Report did not provide a predicate for his opinions on the reasonableness of costs and asserts that Dr. Garcia is not an expert on prevailing costs in the community. ECF No. [87] at 3. The same was true in *Hernandez*, where the Court found that "a district court may decide that nonscientific expert testimony, such as opinions on medical charges, is reliable based 'upon personal knowledge and experience.'" *Hernandez*, 2022 WL 1642815, at *11. The Court defers ruling until trial to allow questioning of Dr. Garcia to determine if the proper foundation for Dr. Garcia's challenged opinions can be laid.

### iii.   Expert Testimony Limited to Content of Expert Reports

Plaintiff argues that the testimony of Defendant's experts should be limited to the contents of their reports in compliance with Federal Rule of Civil Procedure 26(a)(2)(B). ECF No. [72] at 5. Plaintiff relies on *Williams v. Mast Biosurgery USA, Inc.*, 644 F.3d 1312 (11th Cir. 2011) which provides that Federal Rule of Civil Procedure 26(a)(2)(B) "requires that when an expert has been 'retained or specially employed to provide expert testimony in the case,' the witness must provide an expert report detailing all opinions the expert will express and the basis for them." *Id*. at 1315 n.1 (quoting Fed. R. Civ. P. 26(a)(2)(B)). Defendant counters that this is not a proper motion *in limine* as this is the type of evidentiary ruling that must be deferred until trial. ECF No. [93] at 5-6 (citing *Lordeus v. Torres*, 1:17-CV-20726-UU, 2018 WL 1364641 (S.D. Fla. Mar. 1, 2018)).

Defendant attempts to distinguish *Williams* and contends that the Eleventh Circuit in *Williams* analyzed the admissibility of testimony of a treating physician rather than a trained expert. ECF No. [93] at 5.

The Eleventh Circuit has clearly stated that Under Federal Rule of Civil Procedure 37(c), "'[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless.'" *Dobbs v. Allstate Indem. Co.*, 21-13813, 2022 WL 1686910, at *2 (11th Cir. May 26, 2022) (quoting Fed. R. Civ. P. 37) (alteration in original); *see also Cooper v. S. Co.*, 390 F.3d 695, 728 (11th Cir. 2004), *overruled on other grounds by Ash v. Tyson Foods, Inc.*, 546 U.S. 454, 457–58, 126 S.Ct. 1195, 163 L.Ed.2d 1053 (2006) ("Because the expert witness discovery rules are designed to allow both sides in a case to prepare their cases adequately and to prevent surprise, compliance with the requirements of Rule 26 is not merely aspirational." (internal citation omitted)); *but see Lakeman v. Otis Elevator Co.*, 930 F.2d 1547, 1554 (11th Cir. 1991) (upholding a district court's ruling that expert testimony was admissible where the party failed to disclose the intended use of its expert witness because defense counsel was well-versed and capable of cross-examining the experts effectively).

The Court agrees with Plaintiff that expert testimony of retained experts must be limited to the contents of their Rule 26(a) disclosures. Plaintiff's third motion *in limine* is therefore granted to the extent that retained expert witnesses shall not offer expert testimony which exceeds the scope of their expert reports.

### iv.   Expert Testimony by Dr. De La Parra-Pellot

Plaintiff argues that Defendant should be prohibited from introducing testimony by Dr. De La Parra-Pellot about past substance abuse because Dr. De La Parra-Pellot has denied there is

anything in the record indicating that Plaintiff was either a longtime or on-going abuser of illegal substances, the past substance abuse is remote in time, and not associated with the automobile accident. ECF No. [72] at 6. Defendant responds that Dr. De La Parra Pellot testified that Plaintiff continued to use marijuana, alcohol, and cocaine throughout the course of his treatment. ECF No. [93] at 6. Defendant contends that this evidence is properly admissible through Dr. De La Parra-Pellot for the same reasons addressed above in Plaintiff's second motion *in limine* to preclude Dr. Garcia from testifying about or commenting on Plaintiff's past drug and alcohol use.

Consistent with the Court's ruling on the second motion *in limine*, the Court denies Plaintiff's fourth motion *in limine*.

### v.     Reference or Comment about Plaintiff's Prior Drug Abuse

Next, Plaintiff argues that everyone not specifically addressed already, including other experts and defense counsel, should be precluded from bringing Plaintiff's history of drug use or abuse to the attention of the jury because such evidence of bad character will prejudice the jury against Plaintiff. ECF No. [72] at 7.

Consistent with the Court's ruling on the Plaintiff's second and fourth motions *in limine*, Plaintiff's fifth motion *in limine* is denied.

### vi.     Reference to Payment of Medical Expenses by Collateral Sources

Plaintiff argues that Defendant should be precluded from any reference to payment of Plaintiff's medical expenses from collateral sources. ECF No. [72] at 7-8. Defendant responds that Defendant is aware of the collateral source rule precluding reference to payment of medical bills by health insurance or other sources. ECF No. [93] at 6 (citing *Salinero v. Johnson & Johnson*, 1:18-CV-23643-UU, 2019 WL 7753438, at *8 (S.D. Fla. Sept. 25, 2019)). As such, the Court grants Plaintiff's sixth motion *in limine*.

### vii.   Personal Opinions about Credibility or Merits of the Case

Plaintiff argues that personal opinions about Plaintiff's credibility, the merits of the case, or credibility of witnesses should be precluded. ECF No. [72] at 8. Defendant responds that it is aware of the Court's prior ruling on the inadmissibility of expert witness testimony on the issue of Plaintiff's credibility and will abide by that ruling. ECF No. [93] at 6 (citing *Bahr v. NCL (Bahamas) Ltd.*, 19-CV-22973, 2022 WL 19258, at *3 (S.D. Fla. Jan. 3, 2022)).

The Court grants in part, without objection, Plaintiff's seventh motion *in limine*, to the extent that no witness shall provide their opinion about Plaintiff's credibility or the credibility of any other witness.

### B. Defendant's Motion

### i.   Absence of Williams at Trial

Defendant argues that because there is no evidence that Plaintiff made any effort to subpoena Williams, Plaintiff should not be permitted to comment on Williams' absence during trial or be granted a missing witness jury instruction. ECF No. [74] at 3. Plaintiff responds that Plaintiff's counsel should be permitted to comment on Defendant's failure to call Williams because Williams's testimony would be highly relevant to negligence issues and Defendant is in a better position to locate Williams than Plaintiff. ECF No. [75] at 1-2.

In support of its argument, Defendant contends the Eleventh Circuit precedent demonstrates that "the party seeking a missing witness instruction must show 'the potential witness' unavailability in a physical or practical sense; and second, the potential testimony must be relevant and noncumulative.'" ECF No. [74] at 2-3 (citing *Jones v. Elevator Co.*, 861 F.2d 655, 658-59 (11th Cir. 1989)). Plaintiff responds that despite diligent search efforts by Plaintiff, Plaintiff was unable to determine the whereabouts of Williams for the purpose of service of process and

Williams continues to conceal his whereabouts from Plaintiff. ECF No. [75] at 1. Plaintiff further asserts that Defendant is Williams's former employer and has access to Williams's personal contact information, placing Defendant in a better position to locate Williams. *Id* at 2. Defendant replies that, by failing to depose a corporate representative or any of Defendant's employees and showing only three attempts to locate and serve Williams, Plaintiff failed to establish that Williams is unavailable to Plaintiff or available to Defendant. ECF No. [91] at 1-2.

There is no apparent dispute between the parties about whether Williams's testimony would be relevant and noncumulative. The critical question is whether Williams is unavailable. Availability "turn[s] on the witness' relationship to the nonproducing party." *Jones*, 861 F. 2d at 659. "A witness is unavailable in a practical sense when this relationship is such that it creates bias or hostility against the opposing party." *Id*. Traditionally, "[b]ecause of an employee's economic interests, the employer-employee relationship is recognized as one creating practical unavailability." *Id*. at 659-660. Here, it is admitted that Williams was employed by Defendant at the time of the automobile accident, *See* ECF No. [74] at 2, but Williams is no longer employed by Defendant. *See* ECF No. [75] at 2.

While this matter was pending in state court, Plaintiff served Defendant with a Request for Production in which it requested, among other things, the entire personnel file of Williams and the entire human resources file of Williams. ECF No. [1-16] at ¶¶ 15-16. Defendant asserts that its response to that Request for Production made "reference to the Defendant's Personnel Department having access to Williams' personal information." ECF No. [91] at 2. It appears that Defendant does have personal information related to Williams that was requested by Plaintiff and not provided. As such, the Court finds that Defendant is in a better position than Plaintiff to call Williams as his former employer. Because Defendant has a greater ability to produce Williams,

and Williams' testimony would be relevant, Plaintiff is entitled to raise the presumption that the testimony, if produced, would be unfavorable. *See Jones*, 861 F. 2d at 658-659.

Accordingly, Defendant's first motion *in limine* is denied.

### ii.     Observation of and Statement of Williams at the Scene

Defendant argues that Plaintiff's testimony that he heard Williams say "I'll call you back later" while holding a cellular phone and exiting his vehicle after the automobile accident is not admissible under the excited utterance or presence (sic) sense impression exceptions to the hearsay rule. ECF No. [74] at 3. Plaintiff asserts that this testimony is not hearsay because it is not offered for the truth of the matter asserted. ECF No. [75] at 2. Plaintiff further contends that the testimony is relevant simply with respect to the fact that Williams was engaged in a cell phone conversation during the time of the automobile accident. *Id*. at 3. Defendant counters that Plaintiff's testimony does not have any relevance because it shows only that Williams was talking on the phone outside of the truck, not that he was on the phone at the time of the automobile accident. ECF No. [91] at 2.

In support of its argument that Plaintiff's testimony about observing Williams on the phone has probative value and outweighs the danger of unfair prejudice, Plaintiff cites Rule 403 and *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001). In that case, The Eleventh Circuit made abundantly clear that "Rule 403 is an 'extraordinary remedy,' whose 'major function ... is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.'" *Grant*, at 1155 (internal citations omitted). The Eleventh Circuit pointed out that, "The Rule carries a 'strong presumption in favor of admissibility.'" *Id*. The Court agrees with Plaintiff that Plaintiff's observation of Williams exiting his vehicle while speaking on his cell phone immediately following the automobile accident is relevant.

Plaintiff contends that Williams's statement is not hearsay because Plaintiff does not seek to admit it for the truth of the matter asserted, but for the relevant purpose of showing that Williams was engaged in a cell phone conversation in the immediate time period of the automobile accident. *See* ECF No. [75] at 2-3 (citing *Gen. Tire of Miami Beach, Inc. v. N. L. R. B.*, 332 F.2d 58 (5th Cir. 1964). Defendant counters that the case cited by Plaintiff says, "[t]he inquiry is not the truth of the words said, merely whether they were said. And frequently once the trier finds them to have been said, the words themselves carry their own death wound." ECF No. [91] at 4 (citing *Gen. Tire of Miami Beach*, at 61). Defendant argues that to avoid any "wound" the introduction of the statement should be precluded. *Id*. The Court agrees with Plaintiff that the statement "I'll call you back later" is relevant and is non hearsay. As such, Plaintiff is permitted to elicit Williams's statement and Defendant's second motion *in limine* is denied.

### iii.    Testimony of Ankeet Amrish Choxi

In Defendant's third motion *in limine*, Defendant argues that Ankeet Amrish Choxi should be precluded from testifying because Plaintiff provided a deficient expert disclosure consisting of three sentences that do not comply with the requirements of Rule 26(a)(2)(C). ECF No. [74] at 4. Plaintiff responds that the expert disclosures comport with the requirements of Federal Rule of Civil Procedure 26(a)(C) (sic).

The Rule states:

Unless otherwise stipulated by the court, if the witness is not required to provide a written report, this disclosure must state:
(i)     The subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
(ii)    A summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

The relevant disclosure includes the expert's name, medical practice name, and address and reads:

> This witness is expected to testify relative to care, treatment, testing and recommendations for care related to Mr. Munoz's accident-related injuries. Testimony is expected to be consistent with all reports and invoices produced herein.

ECF Nos. [75-2] at ¶ 3, [64] at ¶ 3. Plaintiff contends that the disclosure met the rule's requirements. The Court notes that although the disclosure indicates that the expert's testimony is expected to be consistent with the reports and invoices produced "herein" there are no attachments to the filing of the disclosures. The Court assumes that in light of Plaintiff's representation, the reports and invoices were produced, so Defendant has received the reports and invoices generated by Choxi from which Defendant can discern the facts and opinions about which Choxi will testify. Because treating physicians are permitted to provide testimony about their observations and "explain a patient's diagnosis and treatment without running afoul of Rules 26 and 37 of the Federal Rules of Civil Procedure" the Court declines to preclude Choxi's testimony on the basis that Plaintiff's Rule 26 disclosure only stated that the testimony would be consistent with reports and invoices. *See Bostic v. Royal Caribbean Cruises Ltd.*, 18-23694-CIV, 2020 WL 9459287, at *5 (S.D. Fla. Sept. 11, 2020).

Accordingly, Defendant's motion *in limine* to preclude the testimony of Ankeet Amrish Choxi is denied.

### iv.    Opinions of Plaintiff's Experts about Costs and Duration of Treatment

Defendant, in its final motion *in limine*, initially argued that Plaintiff's treating physicians should be precluded from giving expert testimony related to their opinions on the cost of treatment, coupled with the need and cost for future treatment where such opinions are not expressed in their records and were created at Plaintiff's request after treatment was completed. ECF No. [74] at 5. Plaintiff responds that "[t]here is no basis for Defendant's supposition that cost-of-treatment testimony has been manufactured for the purposes of this litigation." ECF No. [75] at 3. Plaintiff

asserts that, to the extent the treating physicians' opinions were formed in the course of their treatment of Plaintiff, their opinions are admissible. *Id.* at 3-4. Defendant replies and requests permission to *voir dire* each of Plaintiff's treating physicians out of the presence of the jury to determine whether their testimony will consist of opinions on the cost of treatment and/or need for future treatment where such opinions were not expressed in that expert's records.

In support of its request to *voir dire*, Defendant cites *Hendrix v. United States*, 327 F.2d 971, 976 (5th Cir. 1964). There, the Fifth Circuit held that it was not error in a criminal case for counsel to be permitted to *voir dire* a witness having obviously deliberate memory lapses outside of the presence of the jury. *Id.* Although that case is obviously distinguishable from Defendant's request here, courts in this district have permitted parties to conduct "a voir dire of the expert witness during trial, outside of the presence of the jury, to evaluate the witness's proposed testimony." *See Kellner v. NCL (Bahamas), Ltd.*, 15-23002-CIV, 2016 WL 8679313, at *1 (S.D. Fla. Aug. 17, 2016). The Court therefore finds that Defendant is permitted to *voir dire* Plaintiff's treating physician experts outside the presence of the jury to establish whether they will provide opinions as to the cost or continued need for treatment and, if so, to establish the source of such opinions. The Court reserves ruling on Defendant's fourth motion *in limine*.

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion *in Limine*, **ECF No. [72]**, is **GRANTED IN PART and DENIED IN PART** consistent with this Order.

2. Defendant's Motion *in Limine*, **ECF No. [74]**, is **DENIED**.

Case No. 21-cv-22801-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 10, 2022.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record