UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22801-BLOOM/Otazo-Reyes

ANTONIO MUNOZ,

    Plaintiff,

v.

REX WILLIAMS and DOUG
BRADLEY TRUCKING, INC.,

    Defendants.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiff Antonio Munoz's ("Plaintiff") Motion to Strike Compulsory Medical Examination Addendum, ECF No. [103] ("Motion"). Doug Bradley Trucking, Inc. ("Defendant") filed a Response in Opposition to the Motion ("Response"), ECF No. [104], to which Plaintiff did not file a Reply. The Court has considered the Motion, the Response, the record in this case, applicable law, and is otherwise fully advised. For the reasons that follow, Plaintiff's Motion is granted.

**I.    BACKGROUND**

On August 2, 2021, Defendant removed this case from the Circuit Court for the 11th Judicial Circuit of Florida in and for Miami-Dade County to this Court. s*ee* ECF No. [1]. In his Complaint, ECF No. [1-1] ("Complaint"), Plaintiff asserts the following claims for relief [1] against Defendant: Count II – vicarious liability; and Count III – dangerous instrumentality. *See id.* at 3-5. According to the Complaint, on or about May 13, 2020, Plaintiff was parked in a Ford F150 truck at or near

---

[1] Defendant Rex Williams and the related claim for negligence (Count 1) were previously dismissed. *See* ECF No. [25].

the Mobil gas station located at 16650 NW 27th Avenue in Miami Gardens, Florida. *Id.* at ¶¶ 8-9. At that location and on that date, Rex Williams ("Williams"), an employee, agent, or servant of Defendant, was acting within the course and scope of his employment or agency with Defendant when he operated a vehicle in a careless and negligent manner so as to cause a collision with the vehicle occupied by Munoz. *Id*. at ¶¶ 6-9, 16. As a result, Plaintiff sustained serious bodily injuries. *See id.* at ¶¶ 19, 26.

On August 26, 2021, the Court entered a Scheduling Order. ECF No. [11]. Upon a Joint Motion of the Parties, the Scheduling Order was amended on April 18, 2022. *See* ECF No. [28]. Upon a second Joint Motion to Amend the Scheduling Order, the Court again extended the deadlines on May 23, 2022. ECF No. [39]. On August 10, 2022, upon Plaintiff's Unopposed Motion for Extension of Time, the Court again Amended its Scheduling Order in part, setting the date by which all dispositive Motions were due to September 16, 2022, but stating that all other deadlines remain in place. ECF No. [63]. According to the operative Scheduling Order, the parties were to exchange expert witness reports by July 12, 2022, and all discovery, including expert discovery, was to be completed by August 9, 2022. *See* ECF No. [28].

Plaintiff now requests that the Court strike the Compulsory Medical Examination Addendum of Dr. Rolando Garcia ("Dr. Garcia"), dated October 7, 2022 ("Addendum"). ECF No. [103] at 1. Plaintiff argues that he will be prejudiced if Dr. Garcia is allowed to testify concerning opinions contained in the Addendum which were not in his initial Report and was provided after the permissible period for Plaintiff to file a motion *in limine* directed at its contents. *Id*. at 2. Defendant responds that Plaintiff is not prejudiced by the Addendum because he is not surprised by its contents and has no apparent basis to exclude the Addendum in a motion *in limine*. ECF No. [104] at 2-3.

## II.     LEGAL STANDARD

Expert disclosures must be made at the times and in the sequence that the court orders. *See* Fed. R. Civ. P. 26(a)(2)(D). Absent a stipulation or court order, the disclosures must be made at least 90 days before the date set for trial or for the case to be ready for trial; or if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure. *Id.* at Rule 26(a)(2)(D)(i)-(ii). Parties must supplement their expert disclosures when required under Rule 26(e). *Id.* at Rule 26(a)(2)(E). That rule, in turn, imposes a duty on a party to supplement or correct its expert disclosure or response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." *Id.* at Rule 26(e)(1).

Further, for an expert whose report must be disclosed under Rule 26(a)(2)(B), "the party's duty to supplement extends both to information included in the report and to information given during the expert's depositions," and any "additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due." *Id.* at Rule 26(e)(2). Under that rule, unless ordered otherwise by the court, pretrial disclosures must be made at least 30 days before trial. *Id.* at Rule 26(a)(3)(B).

If a party violates Rules 26(a) or (e), Rule 37(c) provides for the exclusion of the expert evidence "unless the failure was substantially justified or is harmless." *See id.* at Rule 37(c)(1). The non-disclosing party bears the burden of showing that the failure to comply with Rule 26 was substantially justified or harmless. *Mitchell v. Ford Motor Co.*, 318 F. App'x 821, 824 (11th Cir. 824). In making this determination, the Court considers four factors: "(1) the importance of the

excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Torres v. First Transit, Inc.*, No. 17-CV-81162, 2018 WL 3729553, at *2 (S.D. Fla. Aug. 6, 2018) (citation omitted). "Prejudice generally occurs when late disclosure deprives the opposing party of a meaningful opportunity to perform discovery and depositions related to the documents or witnesses in question." *Bowe v. Pub. Storage*, 106 F. Supp. 3d 1252, 1260 (S.D. Fla. 2015) (citation omitted).

Ultimately, the "determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Smith v. Jacobs Eng'g Grp., Inc.*, No. 4:06CV496-WS/WCS, 2008 WL 4264718, at *6 (N.D. Fla. Mar. 20, 2008), *report and recommendation adopted*, No. 4:06 CV 496 WS, 2008 WL 4280167 (N.D. Fla. Sept. 12, 2008) (citation omitted); *Warren v. Delvista Towers Condo. Ass'n, Inc.*, No. 13-23074-CIV, 2014 WL 3764126, at *2 (S.D. Fla. July 30, 2014) (noting that a court has "great discretion in deciding whether to impose such a sanction" for failure to comply with expert witness disclosure requirements). Indeed, "[c]ourts have broad discretion to exclude untimely expert testimony— even when they are designated as 'supplemental' reports." *Guevara v. NCL (Bahamas) Ltd.*, 920 F.3d 710, 718 (11th Cir. 2019).

### III. DISCUSSION

As discussed above, Plaintiff contends that the Addendum provides new opinions not previously contained in Dr. Garcia's Report, and the belated disclosure of the Addendum after the deadlines to exchange expert reports and for Plaintiff to file a dispositive motion is prejudicial. *See generally* ECF No. [103]. Defendant responds that Plaintiff is not prejudiced because he is not surprised by the contents of the report and would not have had grounds to file a motion to exclude

the Addendum even if the deadline had not passed. *See generally* ECF No. [104]. Because Defendant admits that it provided the Addendum after the deadline, the only issue is whether the exclusion of the Addendum is appropriate under Rule 37(c). Accordingly, the Court evaluates whether Defendant's failure to comply with Rule 26 was substantially justified or harmless by analyzing the following four factors: (1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *See Chau v. NCL (Bahamas) Ltd.*, No. 16-21115-CIV, 2017 WL 3623562, at *5 (S.D. Fla. May 3, 2017).

**A. Importance of Excluded Testimony**

First, addressing the importance of the Addendum, the Court considers whether the Addendum is repetitive of Dr. Garcia's initial report or provides new information. Plaintiff argues that the Addendum does not merely supplement the opinions in Dr. Garcia's initial report but constitutes a new expert opinion which must be stricken. ECF No. [103] at 2. In support of her argument, Plaintiff cites to *Alphamed Pharm. Corp. v. Arriva Pharm., Inc.*, where the Court found that a supplemental expert report was not in fact supplemental but a new report because it contained a new theory of damages and did not rely on documents acquired after the initial report was written. *Alphamed*, 03-20078-CIV, 2005 WL 5960935, at *8 (S.D. Fla. Aug. 24, 2005). That court determined that the report must be stricken. *Id*. Defendant responds that Dr. Garcia's opinions in the Addendum largely repeat the opinions expressed in his initial report. ECF No. [104] at 4.

In Dr. Garcia's initial report, Dr. Garcia reviewed Plaintiff's x-rays, medical records, and preformed a compulsory medical exam of Plaintiff. *See* ECF No. [104-1]. There, Dr. Garcia noted that he was not provided Plaintiff's lumbar or left hip MRIs from June 1, 2020, or the lumbar spine

MRI from December of 2020, but he did review the reports associated with those MRIs. *See id*. at 26-27. Dr. Garcia opined that Plaintiff did not sustain a permanent injury to the lumbar spine or left hip as a result of the automobile accident. *Id*. at 27.

In the Addendum, Dr. Garcia provides his *new* analysis of Plaintiff's June 1, 2020, lumbar spine MRI and left hip MRI, and December 29, 2020, lumbar spine MRI. ECF No. [104-4]. Dr. Garcia does not provide any specific opinions relating to the vehicle accident in the Addendum. *See id*. There are no contradictory or novel findings, only new analysis of additional imaging that could be used to bolster Dr. Garcia's opinions contained in his initial report.

Moreover, Dr. Garcia was not the only defense expert to analyze the June and December 2020 MRIs. Dr. David DeLonga ("Dr. DeLonga"), Defendant's expert radiologist, also reviewed the same MRIs prior to issuing his expert report. *See* ECF No. [73-1] at 1-2. Because Dr. Garcia will be allowed to testify to his initial report and Dr. DeLonga will be permitted to testify regarding his expert report for which he reviewed Plaintiff's MRIs, the Court determines that Defendant will not be substantially prejudiced if it is precluded from presenting the Addendum.

**B. Explanation for Failure to Comply**

Plaintiff argues that there is no substantial justification for Defendant's failure to provide the complete opinion of Dr. Garcia before the deadline for exchange of reports. ECF No. [103] at 3. The Addendum is based on materials that were available to Defendant prior to Dr. Garcia's initial examination of Plaintiff. *Id*. Defendant does not provide any justification for its failure to timely disclose the Addendum. It merely states that the initial disclosure indicated that Dr. Garcia was expected to testify as to his review of the MRI films and that the Addendum was promptly disclosed after its creation. ECF No. [104] at ¶¶ 5, 9-10. The lack of justification for the late disclosure weighs in favor of granting the Motion to Strike.

**C. Potential Prejudice**

Plaintiff argues that he will be prejudiced by the Addendum because he has no means to challenge it since the deadline for dispositive motions passed. ECF No. [103] at 3. Defendant responds that Plaintiff is not prejudiced because he cannot be surprised by the Addendum as he was made aware, multiple times that Dr. Garcia would testify as to the MRI films. [104] at 3. In support of that proposition, Defendant cited to Dr. Garcia's initial report, [104-1] and its expert witness disclosures, ECF No. [104-2]. The Court reviewed those documents to determine whether Plaintiff was in fact put on notice.

In Dr. Garcia's initial report, he wrote that he had not been provided with the lumber or left hip MRIs of June 2020, or subsequent lumbar spine MRI from December 2020, but would "certainly make [him]self available to review these imaging studies, as well as any additional information …." ECF No. [104-1] at 26. Dr. Garcia also wrote "[o]nce again, I will make myself available to review any additional medical records and/or imaging studies." *Id*. at 27. In the expert witness disclosures, it says that Dr. Garcia "will not only testify as to the results of his orthopedic and physical examination of the Plaintiff pursuant to the Federal Rules of Civil Procedure, his review of MRI films and Xrays of the plaintiff, his review of the plaintiff's medical records…and the opinions contained in his own report…" ECF No. [104-2] at 4-5. There is no indication that Dr. Garcia specifically intended to provide the Addendum, only a disclaimer that "[t]his expert witness reserves the right to supplement his expert report pursuant to Fed. R. Civ. P. 26(e)(2)." *Id*.

In neither document did Defendant specifically tell Plaintiff that Dr. Garcia intended to supplement his initial report with an Addendum after reviewing Plaintiff's MRIs. Therefore, the Court does not agree with Defendant's claim that Plaintiff cannot be surprised by the Addendum. Disclosing that Dr. Garcia would testify to the MRIs was not sufficient where Dr. Garcia had

reviewed the reports associated with the MRIs, nor analyzed the MRI films in his initial report. Rather, it is reasonable for Plaintiff to believe that Dr. Garcia would only testify about the MRIs to the extent they were discussed in his *initial* report.

Defendant attempts to analogize the instant case to *Mace v. Liberty Mut. Ins. Co.*, where the Court considered a plaintiff's motion *in limine* to exclude opinions expressed in an addendum to the defendant's medical expert's report. *Mace*, 17-CV-81171-DMM, 2018 WL 8221818, at *1 (S.D. Fla. June 5, 2018). There, the medical expert's initial report was turned over within the deadline to exchange expert reports. *Id*. The expert's initial report stated that he needed to review more films and would produce an addendum after doing so. *Id*. The defendant disclosed its expert's addendum immediately upon receipt from his expert and before the deadline to submit expert reports had passed. *Id*. That Court held that the plaintiff was not unfairly prejudiced or surprised by the addendum because plaintiff was abundantly aware that such a report was forthcoming. *Id*.

Here, in contrast to *Mace*, the Addendum was turned over after the deadlines for expert disclosures, discovery and filing dispositive motions passed. The Court declines Defendant's invitation to accept the proposition that prejudice does not arise from a disclosure made after the deadline to disclose because the party was made aware that the disclosure was forthcoming especially here, where it was not clear that such a disclosure was in fact forthcoming.

Defendant also contends that because Plaintiff did not depose Dr. Garcia or move to exclude any opinions expressed in Dr. Garcia's initial report, Plaintiff was not prejudiced by not being able to move *in limine* to exclude the Addendum where there was no apparent basis to do so. *Id*. at 5. Defendant is contradicted by Plaintiff's Motion *in Limine* in which Plaintiff moved to limit the number of defense causation witnesses. *See* ECF No. [72] at 2-5. It stands to reason that Plaintiff may have moved to preclude the Addendum on the basis that it was cumulative because

8

Dr. DeLonga reviewed the same MRIs that Dr. Garcia analyzed in the Addendum. *See* ECF Nos. [73-1], [103-4]. Although the Court denied Plaintiff's motion *in limine* as to cumulative expert testimony, it cautioned that the presentation of each expert's opinion on findings from MRI films would be considered cumulative. ECF No. [100] at 5. The Court also ruled that expert witnesses would be limited to testifying about findings contained in their expert reports. *Id*. at 9. Accordingly, the Court does find that Plaintiff may be prejudiced by the late disclosure of the Addendum as he is not permitted to file a motion to exclude any portion of the Addendum at this late stage and will have to prepare for additional testimony that this Court ruled would not be admitted.

### D. Availability of a Continuance

As to the fourth factor, neither party has moved for a continuance. In light of the previously discussed factors, the Court will not *sua sponte* continue the trial, which was already continued once, *see* ECF No. [96], and which is now less than six weeks away.

The Court finds that Defendant has not met its burden of demonstrating that its late disclosure of the Addendum is harmless or substantially justified. Therefore, the Court exercises its discretion to grant Plaintiff's Motion to Strike the Addendum.

### IV.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion **ECF No. [103]**, is **GRANTED.**

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 16, 2022.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc: Counsel of Record